**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

ANTHONY E. STEVENSON,        :

       :      Civil Action No. 13-7143 (MAS)

       :

        Plaintiff,        :

       :

         v.        :      **OPINION**

       :

THE OFFICE OF THE PROSECUTOR    :

OF MONMOUTH COUNTY, et al.,      :

       :

        Defendants.        :

**APPEARANCES:**

     ANTHONY E. STEVENSON, Plaintiff pro se
     Monmouth County Correctional Institution
     One Waterworks Road
     Freehold, New Jersey 07728

     ERIC SCOTT PATERNACK, ESQ.
     STATE OF NEW JERSEY, DIVISION OF LAW
     25 Market Street, P.O. Box 112
     Trenton, New Jersey 08625
     Counsel for the State Defendants[1]

---

[1] The "State Defendants" include the Monmouth County Prosecutor's Office, former Monmouth County Prosecutor Peter E. Warshaw, Jr., Acting Monmouth County Prosecutor Christopher J. Gramiccioni, Assistant Prosecutor Paul Alexander, Assistant Prosecutor Carey J. Huff, Detective Christopher Camilleri, Detective Elethia Baldwin, Detective Michael Bonanno, Detective Tracy Brooks, Detective Richard Bruccoliere, Sgt. Paul Butkoff, Detective Michael Clancy, Detective Jose Cruz, Detective David Damico, Sergeant Barry Dubroskey, Detective Edward Finlay, Lieutenant Gary Friedhoff, Agent John Gaugran, Detective Jose Goncalves, Sergeant Barry Graves, Detective Edwin Hennelly, Jr., Detective Keith Ingling; Detective Walter P. Mazariegos, Detective Susan Michling, Detective Ryan Muller, Detective Rosendo Perez, Captain Brian Rubnic, Sergeant Todd Rue, Detective George Snowden, Detective Michael Thompson, Detective Andrea Tozzi, Detective Michael Veprek, Sergeant Teresa Wilbert, Detective Arthur Wisliceny, and the State of New Jersey (hereinafter the "State Defendants or Defendants").

**SHIPP**, District Judge

This matter comes before the Court upon the State Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6), or alternatively, for an Order staying this action until conclusion of Plaintiff's state criminal proceedings. (ECF No. 5.) In addition, this action is subject to *sua sponte* screening by this Court pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. For the reasons set forth below, the Court concludes that Plaintiff's false arrest and false imprisonment claims, asserted under 42 U.S.C. § 1983, and the related state law tort claims, should be dismissed as time-barred, but the remaining claims will be stayed pending completion of Plaintiff's related New Jersey state court criminal proceeding.

## I. BACKGROUND

On November 26, 2013, Plaintiff, Anthony E. Stevenson ("Plaintiff"), filed this civil rights Complaint, pursuant to 42 U.S.C. § 1983, alleging violations of his Fourth, Fifth, Eighth and Fourteenth Amendment rights. Plaintiff names the State Defendants as listed above in fn. 1 of this Opinion, as well as undercover Detectives Michael Deaney and Michael Boone,[2] as party defendants in this action. (ECF No. 1, Complaint at Caption, ¶¶ 4, 5.)

The Complaint alleges that, in August 2010, the Monmouth County Prosecutor's Office ("MCPO") began investigating Plaintiff after receiving a tip from a confidential informant that Plaintiff was allegedly distributing large quantities of heroin in the Monmouth County area. (*Id.*, ¶ 13.) During the investigation, on March 7, 2011, a confidential informant known as Joseph Aviles introduced Detective Michael Deaney of the MCPO to Plaintiff and Plaintiff allegedly sold a gun to Deaney during that first meeting. (*Id.*, ¶¶ 14, 15.) On March 11, 2011, Christopher

---

[2] No counsel has yet entered an appearance on behalf of Defendants Deaney and Boone because no summonses have been issued by the Court for service of the Complaint on any of the Defendants named in this matter.

Brock allegedly sold two bricks of heroin to Deaney for Plaintiff. (*Id.*, ¶ 16.) On April 11, 2011, Plaintiff purportedly introduced Deaney to Amos Castro, who later sold a gun to Deaney. (*Id.*,¶ 21).

The Complaint further alleges that, on May 25, 2011, Detective Christopher Camilleri signed an affidavit in support of an application for a wiretap and communications data warrant, which purportedly contained false and misleading accusations to make it appear that Plaintiff was involved in weapons and drug trafficking in the State of New Jersey. (*Id.*, ¶¶ 29, 32-33.) On July 21, 2011, Plaintiff allegedly sold Deaney two assault rifles. (*Id.*, ¶ 42.)

On August 1, 2011, Plaintiff was a passenger in a vehicle driven by Kenrick Crawford when it was stopped and searched on Route 36 in Tinton Falls, New Jersey. Plaintiff alleges that Defendants Sgt. Todd Rue and Sgt. Barry Graves threatened Plaintiff that they would raid the home of Plaintiff's fiancée, Rozina McCullers, who was then seven months pregnant, and arrest her if Plaintiff did not consent to the search of the vehicle. Plaintiff gave his consent and was then arrested and charged with possession of heroin. (*Id.*, ¶¶ 43, 45-51.) Plaintiff alleges that the motor vehicle stop was the result of information derived from the MCPO's wiretap on Plaintiff's cellphone. (*Id.*, ¶53.) Also on August 1, 2011, the MCPO raided Plaintiff's home, the restaurant he owned, and Rozina McCullers's home. (*Id.*, ¶ 54.) Plaintiff alleges that that no drugs or weapons were found at his home or his fiancée's home. (*Id.*, ¶¶ 59, 60.)

On November 14, 2011, a probable cause hearing was held in which Plaintiff alleges that Prosecutor Paul Alexander and Det. Camilleri lied in open court. The Honorable Richard W. English, J.S.C., found that there was probable cause to charge and arrest Plaintiff. (*Id.*, ¶¶ 83, 84.) A Monmouth County Grand Jury then indicted Plaintiff on May 7, 2012. (*Id.*, ¶ 101.)

On May 23, 2013, Plaintiff filed motions to compel the State to disclose the identity of the second confidential informant used by the State during its investigation of Plaintiff, and for malicious prosecution and prosecutorial misconduct.[3]  (*Id.*, ¶ 124.)  Plaintiff remains incarcerated pending trial.  (*Id.*, ¶ 133.)

Plaintiff generally asserts that the Defendants violated his Fourth, Fifth, Eighth and Fourteenth Amendment rights, alleging claims of malicious abuse of process, false arrest and imprisonment, illegal search and seizure, denial of due process, malicious prosecution, prosecutorial misconduct, racial discrimination, conspiracy to violate Plaintiff's civil rights, and state tort law claims of negligence, intentional infliction of emotional distress, and loss of consortium.  Plaintiff also asserts that the Defendants MCPO and the State of New Jersey are liable under the doctrine of *respondeat superior*.  (*Id.*, Counts I through XVII, ¶¶ 135-172.)  He seeks $ 1.5 million in compensatory damages and $ 20 million in punitive/exemplary damages. (*Id.*, ¶ 173.)

On July 24, 2014, counsel for Defendants filed a motion to dismiss Plaintiff's action pursuant to Fed.R.Civ.P. 12(b)(6), or alternatively, to stay the § 1983 action pending the conclusion of Plaintiff's state criminal proceedings.  (ECF No. 5.)  On August 15, 2014, Plaintiff filed a brief in opposition to Defendants' motion, arguing that the motion to dismiss is without merit.  Plaintiff also argued, in the alternative, that the Court should stay the proceedings until Plaintiff's criminal case is resolved.  (ECF No. 7.)

---

[3] The Complaint also alleges that confidential informant Jose Aviles forged checks and stole money and equipment from Plaintiff's restaurant business; that Plaintiff was forced to close his restaurant because all his employees were arrested on racketeering charges with Plaintiff; that $57,250 and $1,200 was wrongfully seized from Plaintiff's home; that a forfeiture proceeding was initiated for $4,351 found in Plaintiff's home; that Plaintiff filed criminal charges against Jose Aviles; and that a correctional officer was inspecting Plaintiff's legal papers while Plaintiff was incarcerated and reporting to the MCPO. (Id., ¶¶ 61-82; 85-100; 108-113.)

## II. DISCUSSION

A. Motion to Dismiss Standard

A district court conducts a three-part analysis when considering a Rule 12(b)(6) motion. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). The court, however, must disregard any conclusory allegations proffered in the complaint. *Id.* For example, the court is free to ignore legal conclusions or factually unsupported accusations which merely state that "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (internal citation omitted). Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next determine whether the "facts alleged in the complaint are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

Determining plausibility is a "context-specific task which requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Plausibility, however, "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (internal citation omitted). In the end, facts which only suggest the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

In addition, under the Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.  Specifically, the PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).  Accordingly, because Plaintiff is a prisoner (as defined under 28 U.S.C. § 1915(h)) proceeding *in forma pauperis* in this matter, this action is subject to *sua sponte* screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

"The legal standard for dismissing a complaint for failure to state a claim under [the PLRA] is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure," as set forth above.  *Aruanno v. Green*, 527 F. App'x 145, 147 (3d Cir. 2013) (discussing 28 U.S.C. § 1915(e)(2)(B)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (28 U.S.C. § 1915A(b)).

B.  Eleventh Amendment Immunity

To the extent the Complaint seeks relief from the State of New Jersey, this Court lacks jurisdiction over such claims due to the sovereign immunity conferred by the Eleventh Amendment on the State of New Jersey.  "[T]he principle of sovereign immunity is a constitutional limitation on the federal judicial power established in Art. III."  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984).  It derives from the Eleventh Amendment, which provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by citizens of any foreign state."  U.S. Const., Amend. XI.

6

Pursuant to the Eleventh Amendment, a federal court lacks the authority to entertain a suit brought by a citizen against a state, unless the state has consented to suit. *Pennhurst*, 465 U.S. at 98–99. A state's consent to be sued, or put differently, its waiver of sovereign immunity, must be unequivocally expressed. *Id.* at 99. Similarly, such immunity will not be considered abrogated by law unless congressional intent to overturn it is clearly and unequivocally expressed. *Id.* Indeed, the Supreme Court has held that 42 U.S.C. § 1983, pursuant to which a private party may sue a state actor for violation of a constitutional or federal right, does not override the Eleventh Amendment immunity to which the States are entitled. *Quern v. Jordan*, 440 U.S. 332, 342 (1979).

Here, the Complaint appears to assert various § 1983 claims against the State of New Jersey, such as § 1983 claims for false arrest, unlawful search and seizure, and malicious prosecution in connection with Plaintiff's August 1, 2011 arrest and the resulting criminal charges and ongoing prosecution. Accordingly, the Complaint against the State of New Jersey will be dismissed with prejudice because it is barred by sovereign immunity.

C. <u>False Arrest and Imprisonment</u>

To state a Fourth Amendment claim for false arrest,[4] a plaintiff must allege two elements: "(1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes–Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995) and *Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir.

---

[4] To the extent Plaintiff invokes the Fourteenth Amendment in support of his false arrest claim, such claim must be dismissed. It is well established in the Third Circuit that an arrest without probable cause is a Fourth Amendment violation actionable under § 1983. *See Berg v. County of Allegheny*, 219 F.3d 261, 268–69 (3d Cir. 2000) (collecting cases); *see also, Albright v. Oliver*, 510 U.S. 266, 274 (1994) (a section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures).

1988)); *Couden v. Duffy*, 446 F.3d 483, 494 (3d Cir. 2006) (holding that a false arrest claim is predicated upon a lack of probable cause).   Probable cause exists "whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." *United States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2002) (citing *Beck v. State of Ohio*, 379 U.S. 89, 91 (1964)).   "Probable cause ... requires more than mere suspicion; however, it does not require that the officer have evidence to prove guilt beyond a reasonable doubt."  *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482–83 (3d Cir. 1995).

In the absence of probable cause, the "arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest."  *Groman*, 47 F.3d at 636 (internal citation omitted).

A claim of false arrest, and the accompanying claim for false imprisonment, begins to accrue immediately upon the arrest at issue.  *Wallace v. Kato*, 549 U.S. 384, 389–90 & n. 3 (2007); *Singleton v. DA Philadelphia*, 411 F. App'x 470, 472 (3d Cir. 2011) (ruling that accrual of a claim for false arrest occurred on the date that the plaintiff "was arrested and charges were filed against him"); *Alexander v. Fletcher*, 367 F. App'x 289, 290–91 (3d Cir. 2010) (affirming the district court's conclusion that a § 1983 false arrest claim began to accrue on the date of arrest).   Nevertheless, while the claim accrues upon arrest, the statute of limitations does not begin to run at the same time.  The Supreme Court has explained, "[t]he running of the statute of limitations on false [arrest and] imprisonment is subject to a distinctive rule ... [.]  Limitations begin to run against an action for false imprisonment when the alleged false imprisonment ends."  *Wallace*, 549 U.S. at 389 (emphasis added; internal quotation marks omitted).  Thus, "a false imprisonment ends once the victim becomes held pursuant to such [legal] process—when, for

example, he is bound over by a magistrate or arraigned on charges...." *Id.* at 389–90 (citations omitted). In other words, the statute of limitations for a false arrest/imprisonment claim begins to run "when the individual is released, or becomes held pursuant to legal process," *i.e.*, is arraigned. *Alexander v. Fletcher*, 367 F. App'x at 290 n. 2 (citing *Wallace*, *supra*). As with other civil rights claims, under New Jersey law, the statute of limitations for a false arrest/imprisonment claims is two years. *Fleming v. United Parcel Serv., Inc.*, 255 N.J. Super. 108, 154–55 (N.J. Super. L. Div. 1992).[5] Thus, for the purposes of Plaintiff's false arrest and imprisonment claims against Defendants, this Court must determine when Plaintiff was released from the arrest effected by Defendants, or first held pursuant to legal process, *i.e.*, arraigned or bound by a magistrate, following his arrest by Defendants.

Additionally, a grand jury indictment establishes probable cause by definition. *Trabal v. Wells Fargo Armored Serv. Corp.*, 269 F.3d 243, 251 (3d Cir.2001) ("[T]he evidence of their guilt was sufficient to support a grand jury indictment.  That indictment establishes probable cause by definition, and it does not evaporate simply because the prosecutor later decided that subsequent events compromised Rodriguez's value as a witness."); *Pittman v. McDuffy*, No. 04–4505, 2006 WL 758308, at *2 (D.N.J. Mar.21, 2006) ("[A] Grand Jury found probable cause to enter an indictment against [plaintiff] for criminal trespass.... As such, [plaintiff] cannot sustain a claim for false arrest or malicious prosecution, and these claims are dismissed.") (citing *Trabal*, 269 F.3d at 251); *Davis v. United States*, No. 03–1800, 2004 U.S. Dist. LEXIS 2551, at *19, 2004 WL 324880 (S.D.N.Y. Feb.18, 2004) ("A grand jury indictment creates a presumption of probable cause in New Jersey as a matter of law.").

---

[5] Notably, Plaintiff's imprisonment does not toll the running of the statute of limitations. *See Alexander*, 367 F. App'x at 290–91 & n. 2. Rather, as noted above, the pertinent date is when Plaintiff was held pursuant to "legal process."

Here, the Complaint states that Plaintiff was arrested on August 1, 2011 and then arraigned with bail set at $5.7 million on August 3, 2011. (ECF No. 1, Compl. at ¶¶ 51, 65.) Plaintiff filed this action on or about October 15, 2013,[6] after the two-year statute of limitations had expired. Thus, it is apparent from the face of the Complaint that Plaintiff's false arrest and false imprisonment claims are time barred and this Court will dismiss them as untimely.[7] *See Paluch v. Sec'y Pa. Dep't of Corr.*, 442 F. App'x 690, 694 n .2 (3d Cir. 2011) (holding that "[a]lthough the statute of limitations applicable to § 1983 actions is an affirmative defense, which may be waived by the defendant, it is appropriate to dismiss *sua sponte* under § 1915(e)(2) a complaint whose untimeliness is apparent from the face of the record"); *McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010) (noting that "when a statute-of-limitations defense is apparent from the face of the complaint, a court may sua sponte dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A."). *See also Jones v. Bock*, 549 U.S. 199, 214–15 (2007) (holding that, if the allegations of a complaint, "for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to

---

[6] The October 15, 2013 date is the date Plaintiff signed his Complaint.  The Court actually received the Complaint on November 26, 2013.  Under the prison mailbox rule, however, a prisoner pleading is considered filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is received by the court. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988); *see also Burns v. Morton*, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in *Houston* to a pro se prisoner's filing of a habeas petition).  Generally, when the Court is unable to determine the exact date that a prisoner handed his petition to prison officials for mailing, it will look to the signed and dated certification of the petition. *See Henderson v. Frank*, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed pleading as the date he handed it to prison officials for purposes of calculating timeliness of the habeas petition).  Here, as noted above, Plaintiff signed his Complaint on October 15, 2013.  Therefore, the Court will use that date for statute of limitation purposes, rather than the date the pleading was received by the Clerk's Office, November 26, 2013.

[7] This dismissal is without prejudice to Plaintiff filing an amended Complaint alleging any facts suggesting a basis for tolling of the limitations period.  However, as the otherwise detailed Complaint now stands, there are no facts to support tolling.

state a claim"). Likewise, Plaintiff's state law tort claims relating to the claims of false arrest and false imprisonment, namely, the intentional infliction of emotional distress (Count IX) and negligence (Count XIV) claims, also must be dismissed as untimely.

D. <u>Malicious Prosecution Claim</u>

Plaintiff also brings claims of malicious prosecution and prosecutorial misconduct against the MCPO defendants (all named defendants except the State of New Jersey and Joseph Aviles). To state a claim for malicious prosecution under section 1983, a plaintiff must show that: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding."[8] FN3 *McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009). The element of malice may be inferred from a lack of probable cause. *Robinson v. Jordan*, 804 F.Supp.2d 203, 206 (D.N.J. 2011).

Because Plaintiff admits that his criminal proceeding is still ongoing, he has not satisfied the requisite element of a malicious prosecution claim, namely, that the criminal proceeding ended in his favor. Therefore, this Court dismisses these claims, and all related state tort claims (Counts IV, XIII, and XVI), without prejudice at this time.

---

[8] New Jersey law requires the first four elements, but not the fifth. *See Trabal*, 269 F.3d at 248 ("Under New Jersey law, malicious prosecution has four elements. Plaintiff must establish that the defendant (1) instituted proceedings (2) without probable cause and (3) with legal malice; and (4) the proceedings terminated in favor of the plaintiff.").

E. Remaining Claims

However, because it appears that Plaintiff's remaining claims, such as illegal search and seizure, malicious abuse of process, etc., may be the subject of motions or other matters pending in Plaintiff's ongoing criminal proceedings in state court, the Court will stay this federal § 1983 action pending completion of the state criminal case.

Where criminal charges against a plaintiff remain pending and the allegations of the § 1983 complaint suggest an overlapping of issues in both the state criminal proceedings and the § 1983 action, the Court should stay the § 1983 action pending the resolution of the state criminal case. *See Turner v. Nirenberg*, Civil Action No. 10-693 (NLH), 2010 WL 1752512, *5 (D.N.J. Apr. 20, 2013) (citing *Wallace v. Kato*, 549 U.S. 384, 393-95 (2007)). In deciding whether to grant a stay of a civil case where there are pending criminal proceedings, the Court should consider the following factors:

> 1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the case, including whether the defendants have been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; 4) the private interests of and burden on defendants; 5) the interests of the court; and 6) the public interest.

*Turner, supra* (quoting *Walsh Securities, Inc. v. Cristo Property Management, Ltd.*, 7 F. Supp.2d 523, 526–27 (D.N.J. 1998) (citation omitted)). In the present case, for instance, a civil challenge to the constitutionality of the search likely would be related to the issues being tried in the criminal case. Further, a stay poses no discernible prejudice to Plaintiff because his rights are preserved under the statute of limitations. Any burden on Defendants arising from a stay has been minimized because they are aware of the pendency of the § 1983 action and may preserve evidence and witnesses to address Plaintiff's surviving claims after the criminal proceeding has concluded. Moreover, because Plaintiff's state criminal proceedings have advanced beyond the

issuance of an indictment, a stay in this case would benefit the parties by removing any interference by overlap with the ongoing criminal prosecution. Finally, the interests of the court and the public interest are served by permitting the state criminal court, in the first instance, to determine the constitutionality of the searches and other issues raised by Plaintiff herein. *Cf. Younger v. Harris*, 401 U.S. 37 (1971) (stating that it is not generally the role of the federal courts to interfere in pending state judicial proceedings; a federal court must abstain from addressing requests for injunctive relief against state court proceedings so long as the constitutional issues involved may be addressed adequately in the course of the state proceedings).

Therefore, this Court will administratively terminate this case rather than dismiss the action while the stay is imposed pending resolution of the state criminal proceedings. The administrative termination operates so as to preserve Plaintiff's rights under the statute of limitations. Plaintiff may seek to lift the stay and re-open this case within 45 days from the completion of the state court proceedings.

## V. CONCLUSION

For the reasons set forth above, the Complaint is dismissed with prejudice, in its entirety, as against the State of New Jersey, based on Eleventh Amendment immunity, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2). Plaintiff's claims alleging false arrest and false imprisonment, and the related state law tort claims, are dismissed without prejudice subject to any tolling arguments, as against all named Defendants, as time-barred, under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Further, Plaintiff's claims of malicious prosecution and related state law tort claims are dismissed without prejudice, as against all named Defendants, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim at this

time.  Finally, Plaintiff's remaining claims shall be stayed pending conclusion of Plaintiff's state criminal proceedings, and this action shall be administratively terminated accordingly.   An appropriate order follows.


_____
MICHAEL A. SHIPP
United States District Judge

Dated:  1/7/15